DJB/KOH: USAO 2019R00424

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | * CRIMINAL NO. PWG 19CR299 |
| | * |
| REBECCA ANN FOGLE, | * (Conspiracy to Commit Identity |
| | * Theft, 18 U.S.C. § 1028(f) & (a)(7); |
| Defendant | * Identity Theft, 18 U.S.C. |
| | * § 1028(a)(7); Forfeiture, 18 U.S.C. |
| | * §§ 981(a)(1)(C), 982(a)(2)(B), and |
| | * 1028(b)(5), 21 U.S.C. § 853, |
| | * 28 U.S.C. § 2461(c)) |
| | * |

*******

## INDICTMENT

### COUNT ONE
### (Conspiracy to Commit Identity Theft)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

<u>The Retail Stores</u>

1. Best Buy Company, Inc. (d/b/a Best Buy), Sam's West, Inc. (d/b/a Sam's Club), and Apple Inc. (d/b/a Apple) (together, the "Retail Stores") operated retail stores in the United States, including in Virginia and Maryland.

2. The Retail Stores offered credit card accounts to their customers that allowed customers to purchase merchandise on credit and be billed for the purchases in the future. In order to offer the credit card accounts, the Retail Stores partnered with financial institutions, including Synchrony Bank, Citibank N.A., and Barclays (the "Card Issuers"). Synchrony Bank

issued Sam's Club credit card accounts, Citibank N.A. issued Best Buy credit card accounts, and Barclays issues Apple Barclaycard credit card accounts.

3. To apply for a credit card account, customers provided the Retail Stores with personally identifiable information ("PII"), including name, date of birth, and address.

4. Customers approved for a credit card account at the Retail Stores were issued an account number that enabled the customers to immediately make purchases at the Retail Stores up to a pre-determined credit limit. A permanent credit card was later mailed to the address used to apply for the credit card account.

The Telecommunication Stores

5. Verizon Inc. (d/b/a Verizon Wireless), AT&T Corporation (d/b/a AT&T Mobility), and Sprint Corp. (d/b/a Sprint) (together, the "Telecommunication Stores") operated telecommunication stores in the United States, including in Virginia and Maryland.

6. To apply for an account to obtain mobile telephone services and to purchase mobile telephones and other merchandise, customers provided the Telecommunication Stores with PII, including name and date of birth.

7. Customers approved for an account at the Telecommunication Stores were permitted to make purchases at the Telecommunication Stores the same day pursuant to an agreement wherein the customer agreed to make monthly installment payments to pay for the purchase over time.

**The Conspiracy**

8. Between at least in or about December 2016 and in or about January 2018, in the District of Maryland and elsewhere, the defendant,

**REBECCA ANN FOGLE,**

did knowingly and willfully combine, conspire, confederate, and agree with **Individual 1**, and others known and unknown to the Grand Jury, to knowingly transfer, possess, and use, without lawful authority, means of identification of victims (including names, dates of birth, and social security numbers), in and affecting interstate commerce, with the intent to commit, and to aid and abet, and in connection with, an unlawful activity that constituted a violation of federal law, to wit, a scheme and artifice to defraud the Card Issuers and the Telecommunication Stores, and to obtain money and property therefrom, by means of materially false and fraudulent pretenses, representations, promises, and material omissions, and for the purpose of executing such scheme to knowingly transmit and cause to be transmitted wires in furtherance thereof, in violation of 18 U.S.C. § 1343; and by such conduct the defendant did obtain anything of value aggregating $1,000 or more during any one-year period.

**Manner and Means of the Conspiracy**

9. It was part of the conspiracy and scheme to defraud that **REBECCA ANN FOGLE ("FOGLE")** obtained victims' PII without the victims' knowledge or consent.

10. It was further part of the conspiracy and scheme to defraud that **FOGLE** emailed the victims' PII to **Individual 1** and other members of the conspiracy, without the victims' knowledge or consent.

11. It was further part of the conspiracy and scheme to defraud that in exchange for the PII, **Individual 1** paid **FOGLE**, including by depositing cash into bank accounts that **FOGLE** controlled and sending her money orders.

12. It was further part of the conspiracy and scheme to defraud that members of the conspiracy, including **Individual 1**, created and caused to be created fake driver's licenses using the PII of the victims without the victims' authorization.

13. It was further part of the conspiracy and scheme to defraud that members of the conspiracy, including **Individual 1**, used the fake driver's licenses to apply for credit card accounts at the Retail Stores and credit accounts at the Telecommunication Stores in the names of the victims without the victims' authorization.

14. It was further part of the conspiracy and scheme to defraud that members of the conspiracy, including **Individual 1**, used the credit card and credit accounts opened in the names of the victims to purchase items on credit from the Retail Stores and Telecommunication Stores, including electronics and other merchandise.

## Overt Acts

15. In furtherance of the conspiracy, and to effect the objects thereof, the defendant and others committed and caused to be committed the following overt acts, among others, in the District of Maryland and elsewhere:

    a. On or about June 2, 2017, **FOGLE** emailed the PII of numerous individuals, including Victim A, to **Individual 1**.

    b. On or about June 3, 2017, **Individual 1** attempted to send a $500 money order to **FOGLE**.

    c.  On or about December 23, 2017, **Individual 1** used the PII of Victim A to establish a prepaid AT&T wireless account in Victim A's name at an AT&T store in Rockville, Maryland.

    d.  On or about January 2, 2018, **Individual 1** possessed a receipt for merchandise fraudulently obtained using the PII of Victim A.

18 U.S.C. § 1028(f) & (a)(7)

## COUNT TWO
### (Identity Theft)

The Grand Jury for the District of Maryland further charges that:

On or about June 2, 2017, the defendant,

**REBECCA ANN FOGLE,**

did knowingly transfer and possess, without lawful authority, the means of identification of Victim A, in and affecting interstate commerce, with the intent to commit, and to aid and abet, and in connection with, an unlawful activity that constitutes a violation of federal law, to wit, wire fraud in violation of 18 U.S.C. § 1343.


18 U.S.C. § 1028(a)(7)

## FORFEITURE

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 982(a)(2)(B), and 1028(b)(5), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One and Two of this Indictment.

2. As a result of the offenses set forth in Counts One and Two of this Indictment, the defendant,

**REBECCA ANN FOGLE,**

shall forfeit to the United States, all property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, including but not limited to a sum of money equal to the value of the proceeds of the offenses, which amount is at least $5,150, as well as any personal property used or intended to be used to commit the offense.

3. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of diligence;

    b. has been transferred, or sold to, or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

18 U.S.C. §§ 981(a)(1)C), 982(a)(2)(B), and 1028(b)(5)
21 U.S.C. § 853
28 U.S.C. § 2461

*Robert K Hur/DJB*
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: June 17, 2019